UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP JOSEPH JOHNSON, | No. 2:19-cv-1103 CKD P |
| Plaintiff, | |
| v. | ORDER |
| BLACKMON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and appointment of counsel.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Motion for Appointment of Counsel

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff has requested the appointment of counsel on the grounds that he is indigent, the case is complex, he has limited access to the law library and limited legal knowledge, counsel will be better able to represent him at trial, and he has been unable to find counsel to represent him. (ECF No. 3.) The circumstances alleged by plaintiff are commonly experienced by inmates and do not constitute the extraordinary circumstances necessary to warrant the appointment of counsel. To the extent plaintiff raises the need for counsel at trial, the request is premature, as it has not yet been determined whether this case will proceed to trial. Furthermore, at this stage it appears that plaintiff is capable of articulating his claims without the assistance of counsel. Accordingly, the request for counsel will be denied.

## III. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

IV. Complaint

The complaint alleges that defendants Dr. Blackmon and nurses Struble and Peña violated plaintiff's rights under the Eighth Amendment. Specifically, he alleges that he suffers from asthma and upper airwave resistance syndrome, which causes him to "swell up internally" and makes it difficult for him to breathe. (ECF No. 1 at 3, ¶ 11.) On September 10, 2018, plaintiff suffered an asthma attack after being sprayed with pepper spray multiple times. (Id. at 2, ¶¶ 7-8.) Unidentified medical staff simply told him to "calm down," and he was transported to the showers where he was held for an hour. (Id., ¶¶ 9-10.) While being held in the showers, plaintiff suffered a second asthma attack and continued to ask for medical assistance and an inhaler. (Id., ¶ 10.) Defendant Struble failed to provide any medical treatment, such as an inhaler, and instead left plaintiff to suffer through his asthma attack. (Id. at 2-5, ¶¶ 10, 18.) On September 28, 2018, plaintiff suffered another asthma attack, and defendant Peña similarly failed to provide any treatment. (Id. at 3, 5, ¶¶ 12-13, 19.) Finally, plaintiff was seen by defendant Blackmon on numerous occasions during which plaintiff brought up his health issues and the fact that he had been suffering from them since childhood. (Id. at 4-5, ¶¶ 14, 20.) However, Blackmon told plaintiff he had "no actual facts plaintiff still suffers such illness" and refused to order the blood test that would confirm plaintiff's condition. (Id.) As a result, plaintiff did not get proper treatment. (Id.)

V. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition

could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant subjectively "'knows of and disregards an excessive risk to inmate health and safety.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (citations omitted); Toguchi, 391 F.3d at 1058 (citation omitted). Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff's allegations against defendants Struble and Peña are sufficient to state claims for relief and will require an answer. However, although plaintiff asserts that defendant Blackmon denied him proper testing and treatment, he does not identify what treatment he was denied as a result of Blackmon's actions, nor does he identify the injury he suffered as a result of the denials. Plaintiff has therefore failed to state a claim for relief against Blackmon. However, since plaintiff may be able to provide additional facts in order to state a claim against Blackmon, he will be given the option to amend the complaint.

VI. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendant Blackmon. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

5

Plaintiff may proceed forthwith to serve defendants Struble and Peña on his claims that they violated his Eighth Amendment rights when they refused to provide him treatment when he was having asthma attacks, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendants Struble and Peña without amending the complaint, the court will proceed to serve the complaint and he will be voluntarily dismissing without prejudice the claims against defendant Blackmon.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

VII. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. Your claims against defendants Struble and Peña will require a response. However, your claims against defendant Blackmon do not state a claim because you have not explained what treatment you were denied or how you were injured because of Blackmon's actions.

You have a choice to make. You may either (1) proceed immediately on your claims against defendants Struble and Peña and voluntarily dismiss the claims against defendant Blackmon or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your claims against defendant Blackmon. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims or information not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for service of the complaint).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for appointment of counsel (ECF No. 3) is denied.

4. Plaintiff's claims against defendant Blackmon do not state claims for which relief can be granted.

5. Plaintiff has the option to proceed immediately on his Eighth Amendment claims against defendants Struble and Peña or to amend the complaint.

6. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims against Blackmon.

Dated: July 11, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:john1103.14.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP JOSEPH JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BLACKMON, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-1103 CKD P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendants Struble and Peña without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against defendant Blackmon.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　Phillip Joseph Johnson
　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se